# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FELIX NTOW, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| vs. | ) Case No: 4:17CV87 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Felix Ntow's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion, pursuant to the Court's Show Cause Order. For the reasons set forth below, the Motion to Vacate is denied.

## PROCEDURAL HISTORY

Movant was arrested on September 14, 2015 pursuant to the federal warrant. The Federal Public Defender was appointed to represent him. On September 23, 2015, a federal grand jury returned a two count indictment alleging aiding and abetting the possession of 15 or more unauthorized or counterfeit access devices in violation of 18 U.S.C. § 1029(a)(3) and possession of device-making equipment in violation of 18 U.S.C. §1029(a)(4). A superseding indictment was filed on December 2, 2015 which added three counts of aggravated identity theft in

violation of Section 1028A. Movant, through his counsel, waived his right to file pretrial motions. Judge Nannette A. Baker conducted a hearing on December 8, 2015 in which Movant was arraigned on the superseding indictment. At that time, the Court advised him of his rights and the consequences of his waiver. Movant knowingly and voluntarily waived his right to file pretrial motions.

On January 29, 2016, counsel for Movant filed a motion requesting permission to withdraw from the case based upon Movant's assertion that he lacked confidence in the representation. The motion was granted. On February 3, 2016, new counsel was appointed. Counsel filed a motion seeking to continue the February 29, 2016 trial setting. Counsel for Movant then sought a change of plea hearing.

Movant and his counsel appeared before this Court on April 5, 2016 for the change of plea hearing as to Counts 1, 2, and 3 of the indictment. In exchange for his plea of guilty, the government agreed to dismiss Counts 4 and 5. As the two counts charged violations of the aggravated identity theft statute, Movant's criminal exposure on the applicable sentence decreased from a maximum of 72 months incarceration to 24 months incarceration. 18 U.S.C. §§ 1028A(a)(1) and (4).

After ascertaining that Movant was competent to proceed, he affirmed that he was "fully satisfied" with the advice and representation provided by his

attorney. He also informed the Court that he understood the contents of the indictment and the range of punishment. When asked about his willingness to plead guilty, Movant affirmed that his plea was voluntary, of his own free will, and that he completely understood everything in the plea agreement. Movant also acknowledged his understanding of the terms of the plea agreement, including his waiver of non-jurisdictional and non-sentencing issues related to pretrial motions, discovery, and the guilty plea as well as his waiver of his appellate rights.

In addition, Movant agreed with the government's recitation of facts underlying the plea. Summarizing the factual basis of the plea agreement, counsel for the government stated that:

> The defendant booked a hotel room in Maryland Heights, Missouri using the name of D.A. When he arrived at the hotel, he presented a debit card ending in 5945; however, the receipt showed that the number embedded on the magnetic strip differed from the embossed on the card. Police officers were alerted and they went to the defendant's hotel room. The defendant answered the door and granted permission for the officers to enter. At that time the officers saw two computers displaying websites with credit card information. They also saw the numerous credit cards and a credit card encoder. A search of the hotel room revealed an Illinois identification document in the name of D.A., two credit card encoders, two mobile hotspot devices, a thumb drive, a New York identification card in the name of P.D. and 105 access devices. Of those devices, 58 contained magnetic strips embedded with the account numbers of others. Three of them appeared to have been issued by Green Dot; however, the account information had been issued by federally insured financial institutions to C.L., A.R. and A.H.W. There were also 35 gift cards valued at approximately $6,350 that had been purchased by defendant and Dickens Kumi in Columbia, Missouri and locations within the Eastern District of Missouri. Mr. Akwasi Yeboah had traveled from -- I'm sorry, the defendants and Akwasi Yeboah had traveled from Columbus, Ohio to the St. Louis

metropolitan area with the intention of producing and using counterfeit access devices to purchase merchandise and gift cards. Using a website that sells credit card numbers, Ntow and Kumi encoded cards with fraudulently obtained credit card information with their laptop computers, the thumb drive, and the card reader/writers. Yeboah, a resident in London, England watched as Ntow and Kumi made the devices and received four of the counterfeit cards from Kumi.

When the Court reviewed the elements of Sections 1029(a)(3), 1029(a)(4), and 1028A, Movant agreed to, and admitted, each of the elements of conviction. The sentencing hearing concluded with a finding that the defendant entered his plea "knowingly and voluntarily waiving his right to a trial by a jury and all rights incident thereto as to each count."

On June 1, 2016, a presentence investigation report was filed. The government accepted the facts and calculations contained within the report. Movant filed objections. His objections included claims that Section 2B1.6 precluded application of the two level enhancement pursuant to Section 2B1.1(b)(11)(A)(ii) and (B)(i) and that the loss was less than $40,000.00. Movant accepted the factual basis set forth in the presentence investigation report.  In response to the objections, the government argued that Section 2B1.6 did not preclude application of the enhancement sought pursuant to Section 2B1.1(b)(11) because the specific offense characteristic was not based upon the transfer, possession, or use of a means of identification as prohibited by Section 2B1.6. As to the argument that the loss amount should have been based upon the average

value of the gift cards that were fraudulently obtained, counsel for the government relied on *United States v. Gilmore*, 431 F. App'x 428, 430 (6th Cir. 2011), in arguing that the intended loss was correctly calculated at $500.00 for each of the 105 counterfeit or unauthorized access devices without regard for the actual loss. As a result, a six level enhancement was applied pursuant to Section 2B1.1(b)(1)(D).

The Court also applied the two level enhancement pursuant to Sections 2B1.1(b)(11)(A)(ii) and (B)(i) after considering the arguments of the parties and the applications. In opposing the enhancement, counsel for Movant argued:

> And that is, quote, Document 154 at page one, in the case at bar, a two-level enhancement was imposed pursuant to 2B1.1(b)(11)(A) for the possession and use of an authentication feature. And Section 2B1.1(b)(11) for the production of the unauthorized and counterfeit access devices. My objection is to that two-level enhancement. From there, I go to Application Note 2, under the identity theft 2B1.6, and it says: If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for the transfer, possession, or use of a means of identification. A sentence under this guideline -- that is the AGG ID -- accounts for this factor for the underlying offense of conviction. Judge, I go back to the Government's possession and probation's position, and there's not an "or" in there, that's "and." They have to both be present. If you look at Document 135 which is the plea agreement, and you're familiar with it, as to Count One, which is an underlying offense, item number one of an element of the offense is: Possession. Same as the exclusion under the AGG ID theft. If you move to Count Two of the underlying offense, again the first element of the offense references production and it references possession. The same two issues that are "do not apply" under the AGG ID specification. Then if you go to the plea agreements in this case, and in this particular case, Judge, I want to go to the codefendants' plea agreement, which is Document Number 111, and it's page three. The underlying offense with regard to Count Three, the AGG ID theft in my client's codefendants

case references: During and in relation to the crimes of mail fraud assumed a fictitious name or address in a mail fraud scream [sic], wire fraud, and access device fraud. So, in that case, that defendant plead to at least three specific underlying offenses to the AGG ID case. In our case, Judge, this is Document 135 at page three, my client pled to none, no mail fraud, no wire fraud. He pled to -- and the key word is -- production. The production under the AGG ID is the same as the production under Count One and Count Two. And the application note is very specific: Do not apply. Now beyond that, Judge, if there's an ambiguity between the underlying offenses and the AGG ID case -- it's just like baseball, the tag goes to the runner, and in this case he's the run. So I do not believe -- I believe in both of my objections, but in particular my objection when you have a [sic] application note that says do not apply, I don't think you should apply it.

The government, however, contended that counsel for Movant erred in seeking to apply the prohibition against the "possession, transfer, and use of a means of identification" set forth in Section 2B1.6 to the type of offenses underlying the aggravated identity theft count rather than the considering the facts in light of the specific offense characteristics. After noting that neither counsel presented authority in support of their position, the Court ruled that the plain language of Section 2B1.6 did not preclude application of Sections 2B1.1(b)(11)(A)(ii) and (B)(i).

At the conclusion of the argument, the Court determined that the total offense level was 12, and Movant had a criminal history category of I. This resulted in a guideline range of 10 to 16 months as to Counts 1 and 2 which would be consecutive to the mandatory term of incarceration of 24 months for the conviction for aggravated identity theft charged in Count 3. After consideration of

the Section 3553(a) factors, the Court imposed a concurrent sentence of 10 months for Counts 1 and 2 consecutive to a 24 month sentence for Count 3, for an aggregate sentence of 34 months incarceration. Movant was advised of his appellate rights. Thereafter, the government moved to dismiss Counts 4 and 5 pursuant to the plea agreement.

On January 6, 2017, Movant filed this Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In addition to arguing that he did not commit the criminal violations to which he pled guilty, Movant claims that his counsel rendered ineffective assistance of counsel when counsel:

1. Failed to challenge the sufficiency of the indictment;
2. Failed to raise Fourth Amendment violations;
3. Failed to successfully challenge the disputed sentencing enhancements;
4. Failed to challenge the sufficiency of the evidence;
5. Failed to adequately investigate and prepare the defense;
6. Failed to raise a violation of Miranda;
7. Failed to preserve a right to appeal;
8. Refused to consider Ntow's request for a trial; and,
9. Failed to provide options for his defense.

Movant seeks to have his guilty plea invalidated, dismiss the indictment, and declare him innocent.

## **STANDARD FOR RELIEF UNDER 28 U.S.C. §2255**

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws

7

of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## DISCUSSION

### Right to Evidentiary Hearing

8

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## **Standard for Ineffective Assistance of Counsel**

It is well-established that a petitioner=s ineffective assistance of counsel claim is properly raised under 28 U.S.C. ' 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an

9

ineffective assistance of counsel claim, a convicted defendant must first show counsel=s performance Afell below an objective standard of reasonableness.@ *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing Athere is a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. *Id.* Review of counsel's performance by the court is highly deferential, and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to

eliminate the distorting effects of hindsight by examining counsel's performance from counsel=' perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court must consider the totality of the evidence before the judge or jury. *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

. **CLAIM FOR RELIEF**

Movant has raised the following grounds for post-conviction relief:

11

**Ground One:** The Movant argues that he is actually innocent of the charges in Counts 1, 2, 3, 4, and 5. He claims he did not possess 15 or more unauthorized access devices, and that he did not commit any identity theft crimes.

The record herein clearly establishes Movant's claim is without merit. Movant appeared in open court, under oath and admitted the facts. Movant admitted that he was knowingly and voluntarily entering into his guilty plea. Movant advised the Court that he understood his rights and that he was giving up those rights in pleading guilty, including the right to a trial where the government would be required to satisfy its burden of proof.

**Ground Two:** Movant argues that counsel was ineffective based on a number of actions/inactions.

**Sufficiency of the Evidence**.

In considering a motion to dismiss an indictment under Federal Rule of Criminal Procedure 12(b), the court looks at whether the indictment itself "contains a facially sufficient allegation of materiality," and does not consider sufficiency of the evidence. *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001); *see also United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999) ("It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury."). Rule 12(b) is not akin to a motion for summary judgment in civil cases. *United States v.*

*Goodale*, No. 12-CR-3011-LRR, 2012 WL 2159229, at *1 (N.D. Iowa June 13, 2012) (citing *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995)). *See also United States v. Agriprocessors, Inc.*, No. 08-CR-1324-LRR, 2009 WL 2255728, at *4 (N.D. Iowa July 27, 2009) ("the sufficiency of the indictment must be determined from the words of the indictment, and the Court is not free to consider evidence not appearing on the fact of the indictment."). "The government is entitled to marshal and present its evidence at trial," and a court "cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be." *Ferro*, 252 F.3d at 968 (quoting *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000)). Therefore, in reviewing the sufficiency of an indictment, the court must assume the Government's allegations to be true. *United States v. Steffen*, 687 F.3d 1104, 1107 n.2 (8th Cir. 2012).

Movant does not support his claim with any authority. Merely making the claim does not establish that counsel was ineffective for failing to file a motion to dismiss the indictment.

Likewise, Movant's claim that counsel did not challenge the sufficiency of the evidence is groundless. Movant plead guilty to the charges and admitted that facts as stated by the government in open court and in the plea agreement were all true. Furthermore, he admitted each element of the offenses in his guilty plea. Thus, Movant has no basis upon which to claim the evidence was insufficient.

13

**Failing to Raise Fourth and Fifth Amendment Violation**
**Fourth Amendment**

Movant challenges the officers' probable cause and the consent to search the hotel room. The record establishes that neither of Movant's challenges are meritorious. The officers were summoned when the credit card that was used at the hotel appeared to be counterfeit; the number imbedded on the card did not match the magnetic strip.

> Probable cause to make a warrantless arrest exists when, considering all the circumstances, police have trustworthy information that would lead a prudent person to believe that the suspect had committed or was committing a crime." *United States v. Parish,* 606 F.3d 480, 486 (8th Cir.2010), *quoting United States v. Velazquez–Rivera,* 366 F.3d 661, 664 (8th Cir.2004) (internal quotation marks omitted). *See United States v. Houston,* 548 F.3d 1151, 1153 (8th Cir.2008), *quoting United States v. Martin,* 706 F.2d 263, 265 (8th Cir.1983) ("a law enforcement officer has reasonable suspicion when the officer is aware of 'particularized, objective facts which taken together with rational inferences from those facts, reasonably warrant suspicion that a crime is being committed'").

*United States v. Luke*, 686 F.3d 600, 605 (8th Cir. 2012). Probable cause existed for the officers to initiate the contact. Furthermore, Movant at that time gave his consent to search the room. He cannot now complain that counsel was ineffective for failing to file a motion to suppress because both grounds were without merit. *Id*.

**Counsel Failed to Successfully Challenge the Misapplication of Sentencing Guidelines**

The purpose of § 2255 is "to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (internal quotation marks omitted) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)). "Like habeas corpus, this remedy 'does not encompass all claimed errors in conviction and sentencing.'" *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Beyond "provid[ing] a remedy for jurisdictional and constitutional errors," the scope of a § 2255 motion "is severely limited; an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation marks omitted) (quoting *Addonizio*, 442 U.S. at 178).

Movant's claim fails.

> [O]ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim." *Auman v. United States,* 67 F.3d 157, 161 (8th Cir.1995); *accord United States v. Pregent,* 190 F.3d 279, 284 (4th Cir.1999), and cases cited; *United States v. Williamson,* 183 F.3d 458, 462 (5th Cir.1999); *Graziano v. United States,* 83 F.3d 587, 590 (2d Cir.1996). Therefore, such questions "may not be re-litigated under § 2255." *United States v. McGee,* 201 F.3d 1022, 1023 (8th Cir.2000). Although decisions such as *Auman* have reserved judgment as to whether a misapplication of the Sentencing Guidelines could *ever* support § 2255 relief, 67 F.3d at 161, neither the parties' nor our own research have uncovered decisions in which a guidelines error was held to be a "complete miscarriage of justice" cognizable under § 2255 prior to the panel opinion in *705 *Gilbert v. United States,* 609 F.3d 1159, 1163–67 (11th Cir.2010), an opinion the Eleventh Circuit vacated when it granted a rehearing en banc. *Gilbert v. United States,* 625 F.3d 716 (11th Cir.2010).

15

*Sun Bear*, 644 F.3d at 704–05.

**Counsel Failed to Adequately Investigate and Prepare Defense**

Movant's challenge to counsel's performance is belied by his own admissions in open court. He admitted that counsel had provided him advice regarding the plea agreement. At no time did Movant indicate to the Court that counsel in anyway coerced or threatened him to plead guilty. Movant was given the opportunity to express any concerns he had with counsel at the time of the plea. Movant remained silent as to any dissatisfaction with counsel. Movant stated that he was satisfied with the representation counsel had provided, that counsel had completed any and all investigation and interviewing of witnesses requested of counsel. Counsel explained the case to Movant. Movant assured the Court that there was nothing counsel did not do that he should have done.

**Failure of Counsel to Preserve Right to Appeal**

The record again demonstrates Movant cannot satisfy the *Strickland* standard to establish counsel was ineffective regarding Movant's appeal rights. As the government correctly argues, Movant heard the government state during the plea colloquy that the parties agreed to waive appellate rights with the exception of prosecutorial misconduct and ineffective assistance of counsel. Movant was asked during the plea hearing if he heard everything the government stated. He acknowledged that he had heard and that everything was correct. Moreover,

Movant makes no claim that he asked counsel to file an appeal on his behalf, nor did Movant voice any request for appeal at the time of sentencing, in spite of the Court specifically advising Movant of his rights to appeal at the time of sentencing. Movant fails to support his claims of ineffective assistance of counsel for failure to preserve appeal rights. This ground for relief is denied.

**Guilty Plea Involuntary, Unknowing Unintelligent and Without Understanding.**

Movant argues that counsel was unwilling to go to trial. He claims that he repeatedly told counsel that he did not commit any identity theft crime and that he wanted to go to trial, but counsel failed to correctly advise and provide options for defense. Once again, Movant's argument is invalidated by his sworn testimony at the plea hearing. He admitted, under oath that he was completely satisfied with counsel's performance, that counsel had answered all of his questions completely, that he had no complaints against his attorney, that he was not forced in anyway to plead guilty and that he was pleading guilty of his own free will. Movant's "after the fact" self-serving contradictions of his sworn testimony do not rise to the level of establishing ineffective assistance of counsel. This basis for Movant's motion is denied.

## CONCLUSION

Based upon the foregoing analysis, Movant has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may

17

grant relief. Movant's Motion to Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is therefore denied.

## CERTIFICATE OF APPEALABILITY

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. Nos. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a

federal constitutional right.

A separate judgment is entered this same date.

Dated this 15th day of October, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE